FILED - GR
September 29, 2022 1:14 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB /9-29

Tamela Pelky Vs. Louis DeJoy

The Type of Claim we Are Asserting

A wrongly disciplined and removal from my job working for the United States Postal Service at the Traverse City P&DF.

**1:22-cv-901**
**Jane M. Beckering**
**U.S. District Judge**

Why I believe the Court has jurisdiction over the matter

I filed a claim for workers compensation when I injured my back and hip. My workers compensation claim was approved on January 14, 2015 for my work injury. The case file number is 092154794 and is still approved and has been expanded. We sent in July of 2016 for the Office of Workers comp. to update the case. It was updated but took until January of 2018

I had worked for the U.S.Postal Service for almost 16 year when I injured my back at work, and just over 18 years when I was fired due to my work injury. Management had started disciplining me, removed me from work because I would not sign a light duty assignment sheet that stated my injury was not work related.

The time I missed work for my work injury, that management used for my removal, my doctor had taken me off work, and in October 2016 management was provided with Doctor Lints medical report in hopes that they would stop the termination of my employment, but they still fired me for my work injury.

Tamela Pelky Vs. Louis DeJoy

A brief history to try and explain what happened

In 2013, the Gaylord Mail Processing moved to the Traverse City P&DF. The Plant added four more DBCS machines to process the mail from Gaylord. The Traverse City plant was very short staffed and this had management mandate employees to work extra hours, and on many occasions, to operate a DBCS machine alone. I, Tamela Pelky, was required to operate DBCS number eleven, the machine I was assigned to and on many nights alone. This is supposed to be a two person job and OSHA has done two studies on these machines (ATT #1) being ergonomically unsafe.

On September 19th, 2014, I injured my back working on the DBCS machine, again alone. I filed a OWCP workers compensation claim which was approved in January of 2015. This case file number is, 092154794 (ATT #2), and this is the same open case which I still have.

I have gone to physical therapy, and have had multiple injections in my lower back with minimal relief. Munson Medical Center had done MRI'S which showed bulging and ruptured discs at L3, L4, L4-L5, and L5-S1 are ruptured and sitting on the nerve root. They installed a nerve stimulator in my back which gave me no relief. After having it for three years, it started to hurt and was removed. I have turned in multiple doctor's notes for every day I missed due to my work related injury. I have only added a couple documents (ATT #3), but have every one saved and will provide them all.

Only a little over a month after the injury, the Traverse City P&DF plant manager, Pam Bronson, sent a letter (ATT#4) of documentation or disciplinary action that will be taken. I have provided the medical documentation, and continued to call for my days missed due to my work-related injury. On July 31, 2015 management again started to discipline me for days missed due to my work injury (ATT #5) with a letter of warning. Then again on November 30th, 2015, a notice of suspension of 14 days or less. (ATT #6) Both of these disciplinary actions were

to be removed (ATT #7), it was later determined by the Department of Labor/OWCP that the absences are work related, which they were.

Every time management could, they would try and state that I am entitled to the hours (ATT #8) or only approved for medical treatment, or I was only approved for medical treatment and not the time off work in agency statements. (ATT #9)

I later received a letter from William G. Irvine dated 02/25/2016 (ATT #10) to exercise my option for disability retirement by 03/10/2016. I did this so no further action will be taken. On May 5th, 2016, I received annuity estimate (ATT #11) so it was successful within 60 days. I received an approved letter from O.P.M. on May 16th, 2017 (ATT #12), and I applied for social security as requested by O.P.M..

On July 15th, 2016, a notice of suspension of 14 days was issued (ATT #13) even with medical documentation (ATT #14) Excusing all absences and being taken off of work indefinitely until further evaluation of my work injury. In July of 2016, I sent in more documentation to O.W.C.P. to have my case expanded. My doctor provided more evidence to O.W.C.P. and the postal service (ATT #15), and another letter dated 09/10/2016 (ATT #16) keeping me off of work due to my work-related injury.

On October 14th, 2016, management at the Traverse City P&DF issued me a Notice of Removal (ATT #17) after stating in March of 2016, if I filed for disability retirement no further actions would happen, and many doctor's notes stating I was unable to work.

When I filed for my case to be updated in July of 2016, O.W.C.P. scheduled me to see a surgeon, Dr. David Lint, on October 17th, 2016. This report (ATT #18) was taken to the post office by my husband, R.J. Pelky, and given to William Irvine as soon as I received it in hopes he would stop the notice of removal. With an approved open O.W.C.P case for my work injury, my doctor and the O.W.C.P surgeon stating I am unable to work, they still fired me in November of 2016.

On February 20th, 2017, and November 3rd, 2017, (ATT#19) O.W.C.P. requested Dr. David S. Lint for an addendum report. This report stated the same as the prior that I am unable at this time to work and I was unable to see Dr. Davis due to the Office of Worker's Compensation not paying the bill from my last visit I had with him. He (his office) would not allow me to pay the bill to keep the appointment, and soon after Dr. Davis left the Traverse City area.

On September 20th, 2016, William Irvine had me for an Administrative Action Request for Bargaining and Non-Bargaining Employees. (ATT #20) I requested union representation, and Vince Nichols was present. I had provided management with medical documentation excusing me for the dates used to remove me from the postal service. Please refer back to attachment #14 for the dates management used to remove me from the Postal service. I was excused for every day I missed work by my doctor.

I have had a few O.W.C.P. case workers, and they all have told me that they do not say if I must work or not, since that is up to my doctor, not them. With the postal service management continuously trying to remove me for a work-related injury, I contacted my Senator Debbie Stabenow for assistance on this matter. In doing so, I received a letter from Senator Stabenow's office, from Tara N. Jones, regarding the issues of the days of work I missed. Tara N. Jones states in this letter (ATT #21) that these issues are not under the jurisdiction of the office of Worker's Compensation. William Irvine then told me that he had a statement from the Office of Worker's Compensation stating that I was required to work if I am not getting paid. I requested it from him, however, I did not receive anything and William kept telling me that O.W.C.P. was claiming I was not approved for days off work, only medical appointments.

I do believe that it was the management at the Traverse City P&DF wrongly disciplining me for the days missed due to my work related injury, and I believe my injury was caused by them requiring me to operate a DBCS machine many nights alone due to them being short staffed and not filling jobs because the facility was changing soon and loosing machines.

Tamela Pelky Vs. Louis DeJoy

We would like a Jury for this case.

   I would like to be reinstated with my job and seniority back due to being fired for a work injury. I was on the overtime list and lost a lot due to being unable to work.
   I lost my Thrift Savings Plan when I was fired, I had to close it due to no longer being a Postal Service employee. All the contributions to the TSP I would have received had I not been injured and fired.
   I have paid a lot for physical therapy and doctor copays over the years and am still seeing therapists to try and strengthen myself to help with the constant pain.
   My husband works for the Postal Service and has had to use hundreds of hours of his sick leave and annual leave to take me to my appointments, injections and medical procedures, we would like these hours back.
   I am in constant pain and depression after my injury, my mobility is very limited, and I must use a wheelchair for any trip that requires walking over even short periods of time. This has caused me a great deal of stress and anxiety for me not being able to do much and rely on others for basic everyday tasks. I still need my husband to take me to almost all my appointments because it hurts to drive and after I do drive I have hurt for days later.
   I had a fairly active lifestyle prior to my injury, my husband and I would walk the dogs two miles a day regularly, and went out often with friends and family hiking, boating, fishing and many more outdoor activities. I am not able to do even the most basic household tasks anymore to help out around our home .

Couple Points

   I would like to add that even though the Postal Service has fired me I still am receiving my compensation from OWCP from the Postal Service every 28 days for my work injury under the approved case number 092154794 submitted in 2014 when I was injured at work.

   We have had few problems medically, and have been trying to find a lawyer to represent us in this matter. I do hope to have one soon and will inform all parties as soon as possible. We have done our best to try and put this together. We have saved almost everything sent to us and have so much more documentation to help prove our case and show how management has made claims that I just don't want to work, or only work when I choose to.

231 564.2230   Tamela Pelky
231 409.1205   RJ Pelky     *Tamela Pelky*     20450 Forest Tr l
                                                Interlochen, mi. 49643