UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMELA PELKY,

                    Plaintiff,                                      Hon. Jane M. Beckering

v.                                                      Case No. 1:22-cv-901

LOUIS DEJOY,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Tamela Pelky, proceeding pro se, has sued United States Postmaster General Louis DeJoy, alleging that the United States Postal Service (USPS) discriminated against her on the basis of a work-related disability by issuing disciplinary actions, including a notice of removal. (ECF No. 1 at PageID.2–4.) Defendant has responded with a Motion to Dismiss or for Summary Judgment (ECF No. 12), arguing that Pelky's claim is subject to dismissal because she failed to exhaust her administrative remedies. Pelky has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1]

Having fully reviewed the motion and supporting materials, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss Pelky's complaint.

---

[1] Although Pelky is proceeding pro se, she is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

## I.  Background

Prior to 2017, Pelky was employed by the USPS at its Traverse City Processing and Distribution Facility. She alleges that she injured her back on September 19, 2014, while performing her duties at work. (ECF No. 1 at PageID.2.) Pelky missed multiple days of work due to her injury. On October 21, 2014, the plant manager sent Pelky a 5-Day Notice indicating that she had been absent from work since October 11, 2014, and requiring her to return to work or submit satisfactory documentation for her absences. (*Id.* at PageID.2; ECF No. 1-4.) Management sent Pelky another 5-Day Notice on July 31, 2015, indicating that she had been absent from work since July 22, 2015, and requiring her to return to work or submit satisfactory medical documentation. (ECF No. 1 at PageID.2; ECF No. 1-5.) Both notices warned Pelky that disciplinary action, up to and including discharge, would be taken for noncompliance.

On September 1, 2015, the USPS sent Pelky a Letter of Warning citing over 240 hours of absence and noting that Pelky had failed to submit appropriate medical documentation to the Office of Worker's Compensation Programs (OWCP). (ECF No. 1 at PageID.2; ECF No. 1-5 at PageID.25–26.) On November 30, 2015, the USPS sent Pelky a Notice of Suspension of 14 Days or Less, effective January 2, 2016, which cited another 140 hours of absence during October and November 2015. (ECF No. 1 at PageID.2; ECF No. 1-6.) In January 2016, Plaintiff filed an informal Equal Employment Opportunity (EEO) complaint alleging that her discipline constituted disability-based discrimination. (ECF No. 13-1 at PageID.121, 125–28.) Pelky's union and the USPS settled the informal complaint with an agreement that the September 1, 2015 Letter of Warning and November 30, 2015 Notice of Suspension would be combined into a Letter of Warning dated November 30, 2015. It was also agreed that the disciplinary action would be rescinded if the Department of Labor/OWCP determined that the absences were work-related.

(ECF No. 1 at PageID.3; ECF No. 1-7.) Pelky did not file a formal EEO complaint. (ECF No. 13-1 at PageID.121.) In March 2016, Pelky applied for disability retirement under the Federal Employees Retirement System. (ECF No. 1 at PageID.3; ECF No. 1-11; ECF No. 1-12.) On July 15, 2016, the USPS sent Pelky a Notice of Suspension of 14 Days, citing over 700 hours in unscheduled absence during 2016. (ECF No. 1 at PageID.3; ECF No. 1-13.)

On October 14, 2016, the USPS sent Pelky a Notice of Removal for failure to meet attendance requirements for her position. The Notice cited 400 hours of absence between July and September 2016, and made the removal effective as of November 26, 2016. (ECF No. 1 at PageID.3; ECF No. 1-17.) Pelky filed a grievance through her union, which was eventually settled pursuant to a Pre-Arbitration Settlement rescinding the October 14, 2016 removal and removing a 14-day suspension from Pelky's record. (ECF No. 13-2 at PageID.194, 196.) In May 2017, the Office of Personnel Management approved Pelky's application for disability retirement. (ECF No. 1-12.)

Pelky filed two formal EEO complaints relating to the foregoing events. First, in January 2017, she contacted an EEO counselor, which resulted in an April 20, 2017 formal EEO complaint. (ECF No. 13-1 at PageID.121, 135–37.) The USPS issued a final agency decision on October 24, 2017, finding no discrimination. (*Id.* at PageID.122, 140–56.) Pelky took no further action on her complaint. (*Id.* at PageID.122.) Pelky filed another formal EEO complaint in May 2018. (*Id.* at PageID.122, 166–67.) However, the complaint was dismissed on September 21, 2020, for failure to comply with the applicable time limits and because the issues she raised were duplicative of those she raised in her 2017 formal EEO complaint. (*Id.* at PageID.122, 170–71.) On September 25, 2020, the USPS issued a Notice of Final Action implementing the September 21, 2020 dismissal. (*Id.* at PageID.122, 176–77.) Pelky appealed the decision to the Equal Employment

Opportunity Commission (EEOC) Office of Federal Operations, which affirmed the dismissal on February 2, 2022. (*Id.* at PageID.123, 181, 183–85.) Pelky's request for reconsideration was denied on June 27, 2022. (*Id.* at PageID.123.)

## II.   Motion Standard

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment under Federal Rule of Civil Procedure 56. While exhaustion of administrative remedies is a precondition to filing suit in federal court, *see Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976), "[f]ailure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)); *see also Bushong v. Delaware City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021). A motion to dismiss is not the proper vehicle for considering an affirmative defense unless the defense appears on the face of the complaint. *American Premier Underwriters, Inc. v. National R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016); *see also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (noting that although "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations[,] . . . sometimes the allegations in the complaint affirmatively show that the claim is time-barred"). Here, Pelky's complaint does not address exhaustion, one way or the other. Thus, I find it appropriate to analyze Defendant's motion under the summary judgment standard.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### III.  Discussion

Defendant contends that to the extent Pelky's claim is construed as a claim of disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, it is subject to dismissal because Pelky failed to exhaust her administrative remedies.[2] Defendant contends that Pelky

---

[2] Defendant notes that if Pelky's claim is for damages relating to her alleged work injury, she may not seek relief in this Court because the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, provides the exclusive remedy for injuries that federal employees sustain in the course of their duties and is administered by the Department of Labor, Office of Workers' Compensation Programs. 5 U.S.C. §§ 8116(c), 8145. Federal courts lack subject matter jurisdiction to review OWCP decisions "where there is a substantial question of FECA coverage." *Wright v. United States*, 717 F.2d 254, 257 (6th Cir. 1983). Defendant further notes that if Pelky is attempting to challenge the USPS's disciplinary actions against her, the Civil Service Reform Act of 1978 (CSRA) and the Postal Reorganization Act (PRA) together provide a legislative scheme for addressing such disputes and preclude federal court review of such personnel actions. *See United States v. Fausto*, 484 U.S. 439, 455 (1988) (holding that the CSRA creates a comprehensive, preemptive system for review of personnel actions affecting federal employees and denies all judicial review not provided by the statute); *Johnson v. United States*, No. 96-1007, 1996 WL 673470, at *1 (6th Cir. Nov. 20, 1996) (noting that CSRA and PRA together create a comprehensive scheme for addressing challenges to USPS personnel action without providing for judicial review).

cannot satisfy the exhaustion requirement because any claim based on her 2017 EEO complaint is time-barred, and Pelky failed to exhaust her administrative remedies as to the 2018 EEO complaint.

It is well established that "[f]ederal employees claiming discrimination by a government agency are required to exhaust their administrative remedies before filing suit in federal court, including exhaustion of administrative remedies laid out in applicable federal regulations." *Adams v. Potter*, No. 06-CV-14933, 2007 WL 1098539, at *2 (E.D. Mich. Apr. 11, 2007) (citing, among others, *Fisher v. Harvey*, No. 1:05-CV-102, 2006 WL 849868m at *4–5 (E.D. Tenn. Mar. 31, 2006)). Federal employees are required to exhaust claims under the Rehabilitation Act before filing suit in federal court. *Smith v. United States Postal Serv.*, 742 F.2d 257 (6th Cir. 1984). First, the employee must initiate contact with an EEO counselor within 45 days of the alleged discriminatory action or effective date of the personnel action. 29 C.F.R. § 1614.105(a)(1). Next, the employee must file a complaint of discrimination with the employing agency, 29 C.F.R. § 1614.106(a), and await receipt of a final agency decision, 29 C.F.R. § 1614.110. The employee may appeal the agency's final action to the EEOC within 30 days of the final action. 29 C.F.R. § 1614.402(a). The employee may file suit in federal court within (1) 90 days of notice of final agency action, 29 C.F.R. § 1614.407(b); (2) 180 days of filing her EEO complaint if the agency has not yet taken final action, 29 C.F.R. § 1614.407(b); or (3) 90 days after the EEOC's decision on the employee's appeal (if the employee elects to appeal) or 180 days from the appeal if there has been no decision by the EEOC. 29 C.F.R. § 1614.407(c)–(d). *See Lockett*, 259 F. App'x at 786 (describing administrative exhaustion scheme).

Pelky's 2017 EEO complaint cannot satisfy the exhaustion requirement because any claims asserted therein were not timely filed in federal court. The USPS issued a final agency decision on

October 24, 2017, but Pelky did not appeal the decision to the EEOC, nor did she file an action in federal court within 90 days of the final agency decision. In fact, she did not file an action in federal court until almost five years after the USPS issued its final agency action. The 90-day period is strictly construed. *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) ("Courts apply this limit strictly and 'will dismiss a suit for missing the deadline by even one day.'") (quoting *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)); *McKibben v. Hamilton Cnty.*, No. 99–3360, 2000 WL 761879, at *3 (6th Cir. 2000) (untimely complaint not excused by the plaintiff's one day miscalculation of the ninety-day filing deadline) (citing *Goodman v. City Prods. Corp., Ben Franklin Div.*, 425 F.2d 702, 703–04 (6th Cir. 1970)). Because this period is not jurisdictional, doctrines such as waiver, estoppel, and equitable tolling apply. *Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998). However, nothing in the record suggests that Pelky is entitled to equitable tolling of this period, *see Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001) (listing equitable tolling factors), and because she has not responded to the instant motion, she has not offered evidence on this issue.

Pelky's 2018 EEO complaint also fails to satisfy the exhaustion requirement because she did not initiate contact with an EEO counselor within the 45-day period. Pelky's 2018 EEO complaint was dismissed, in part, on this ground. (ECF No. 13-1 at PageID.170–71.) Thus, her claim is unexhausted. *Reynolds v. Kendall*, No. 22-3449, 2023 WL 335284, at *2 (6th Cir. Jan. 20, 2023) ("A plaintiff who fails to 'initiate contact' with an EEO counselor within 45 days of an allegedly discriminatory event has failed to exhaust." (citing 29 C.F.R. § 1614.105(a)(1))); *Mickulicz v. Garthwaite*, No. 99-4166, 2000 WL 1234326, at *1 (6th Cir. Aug. 22, 2000) ("Where a claimant fails to file a formal EEO complaint within forty-five days of the time [s]he should have reasonably suspected discrimination, the complaint must be dismissed for failure to timely exhaust

administrative remedies."). As with the 2017 EEO complaint, nothing in the record suggests a basis for equitable tolling.

## IV.   Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendant's motion for summary judgment (ECF No. 12) and dismiss Pelky's complaint. I further recommend that the dismissal be with prejudice. *See Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 668 (W.D. Mich. 2013) (dismissing unexhausted ERISA claim with prejudice because the time for the plaintiff to file an administrative appeal had expired); *Murphy v. Lockhart*, 826 F. Supp. 2d 1016 (E.D. Mich. 2011) (dismissing with prejudice prisoner's unexhausted claim pursuant to Prison Litigation Reform Act because the untimely grievance could not be revived); *Thomas v. Dep't of Veterans Affairs*, No. 05 Civ. 5348, 2006 WL 1636738, at *11 (S.D.N.Y. Apr. 3, 2006), *report and recommendation adopted*, 2006 WL 1594481 (S.D.N.Y. June 6, 2006) (dismissal of ADEA claim with prejudice for failure to exhaust administrative remedies appropriate where 180-day deadline had passed and the plaintiff could no longer exhaust those claims).

Dated: April 20, 2023                                   /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

## <u>NOTICE</u>

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).